

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2002

# USA v. Chen

Precedential or Non-Precedential:

Docket 0-2361

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Chen" (2002). *2002 Decisions.* Paper 126.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/126

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 00-2361
_____

UNITED STATES OF AMERICA

v.

GUI FENG CHEN
aka FONG
aka AH FONG
aka LA TI KOY

GUI FENG CHEN,
Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 98-cr-00746)
District Judge: Honorable John C. Lifland
_____

Submitted Under Third Circuit LAR 34.1(a)
February 11, 2002
Before: MANSMANN, McKEE and BARRY,  Circuit Judges.

(Filed:  February 15, 2002)
_____

MEMORANDUM OPINION OF THE COURT
_____

MANSMANN, Circuit Judge.

        Gui Feng Chen pled guilty, pursuant to a plea agreement, to one count of
conspiring to smuggle aliens into and within the United States in violation of 8 U.S.C.
1324 and 18 U.S.C.   371, and one count of kidnaping in connection with alien
smuggling in violation of 18 U.S.C.   1201(a), (c) and 2.  The District Court sentenced
Chen to a 60-month term of imprisonment on the conspiracy count and a 108-month term

of imprisonment on the kidnaping count, the terms to run concurrently. Chen filed a timely notice of appeal, but his counsel seeks leave to withdraw under Anders v. California, 386 U.S. 738 (1967), claiming that Chen's appeal is wholly frivolous. Pursuant to Third Circuit Local Appellate Rule 109.2(a), Chen filed a pro se supplemental brief.

We conclude that counsel's Anders brief satisfies the requirements outlined in Smith v. Robbins, 528 U.S. 259, 285 (2000), and United States v. Marvin, 211 F.3d 778, 780-81 (3d Cir. 2000). Because counsel for Chen, having "thoroughly reviewed the transcripts in this matter as well as the applicable case law," was unable to identify any issue of even arguable merit, and because we do not find merit in either of the issues raised in Chen's pro se submission, we will grant counsel's motion to withdraw and will affirm the judgment in a criminal case.

## I.

The facts and procedural history underlying this matter are well-known to the parties. Accordingly, we turn to the substance of counsel's Anders brief and to the issues raised by Chen.

Because Chen pled guilty pursuant to a plea agreement, Chen's attorney focuses attention on the agreement itself and particularly on the circumstances surrounding the actual plea. Counsel notes that the plea colloquy was searching and covered all aspects of the matters with which Chen was charged. The District Court reviewed the consequences of the guilty plea, Chen's choice to plead guilty and his understanding of what the plea entailed. Chen was advised of the potential penalties associated with the guilty plea, the requirements of the Sentencing Guidelines, and the nature of the constitutional rights waived by entering a guilty plea. Chen then pled guilty to the two counts, admitting in detail the factual underpinnings of each. At the conclusion of these proceedings the District Court found Chen fully competent and capable of entering an informed plea. The District Court was also satisfied that Chen understood the nature of the charges against him and the consequences of the plea. In

sum, the District Court and Chen's attorney were satisfied that the plea was knowing, voluntary, supported by Chen's admissions of fact, and in all respects compliant with Fed. R. Crim. P. 11. We do not find anything in the record before us to contradict this assessment.

Chen's attorney also addresses the sentence imposed, discussing in some detail objections raised by Chen to the PSR and the District Court's disposition of those objections. According to Chen's attorney, Chen received a sentence at the bottom of the applicable range, "that comported fully with the Sentencing Guidelines." Counsel for Chen advises us that his review of the sentencing proceedings did not reveal any non-frivolous ground for appeal.

In his pro se brief, Chen raises two issues. He focuses first on his medical status. At sentencing Chen requested a downward departure pursuant to U.S.S.G. 5H1.4 based on his having been diagnosed with a peptic ulcer and a precancerous lesion. The District Court declined to depart stating that downward departure based on medical reasons was not warranted here "where the defendant appears to have a treatable condition," and "the Bureau of Prisons is able to provide suitable care." In his pro se brief, Chen states that he has not, in fact, received suitable care.

Chen does not challenge the calculation of his sentence per se. Even had he raised a sentencing claim, we lack jurisdiction to review the District Court's discretionary decision not to grant a downward departure. United States v. Denardi, 892 F.2d 269, 270-72 (3d Cir. 1989). In any event, Chen's complaint regarding medical treatment is not cognizable here. As the government points out, this claim should be addressed in administrative proceedings with the Bureau of Prisons. See 28 C.F.R. 542.10 et. seq. To date, Chen has not pursued this avenue of relief.

Chen also objects to a two-level adjustment based on his role in the offense. This objection stems from a discrepancy between the language of U.S.S.G. 3B1.1(c) which provides for a two-level increase "[i]f the defendant was an organizer, leader, manager, or supervisor in a criminal activity," and the following language in the PSR: "The Defendant assumed an aggravating role yet less than an organizer, leader,

manager, or supervisor. Pursuant to U.S.S.G. 3B1.1(c), the offense is increased two levels." (Emphasis supplied.) While the discrepancy highlighted does exist, Chen did not object to the language used in the PSR, and, in fact, stipulated to a two level upward adjustment based on his role in the offense. The stipulation, made part of the plea agreement, reads: "Gui Feng Chen played a management/supervisory role in this offense, which involved five or more conspirators." Despite the inaccurate rendering of section 3B1.1(c) in the PSR, Chen received exactly that to which he stipulated and may not now attempt to repudiate that stipulation. United States v. Cianci, 154 F.3d 106, 109 (3d Cir. 1998). The conduct set forth in the plea agreement is more than sufficient to support the upward enhancement.

## II.

Defense counsel advises us, after a thorough review of the record and the transcripts, that he has not found any non-frivolous issue for appeal. Our own examination of the record, the transcripts, and Chen's pro se submission, does not reveal any issue of merit. As a result, we will grant counsel's motion to withdraw and will affirm the judgment in a criminal case.

_____

TO THE CLERK:

Please file the foregoing opinion.


_____/s/ Carol Los Mansmann, _____
Circuit Judge